UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROY BARTLETT,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARCI PATERA,<br><br>    Defendants. | Case No: C 16-03913 SBA<br><br>**ORDER REMANDING ACTION** |

In 2010, Plaintiff Roy Bartlett ("Plaintiff") initiated a partition action against Defendant Marci Patera ("Defendant") in the Superior Court of California, Contra Costa County. On July 12, 2016, Defendant, acting pro se, filed a Notice of Removal ("Notice") based on federal question jurisdiction. Dkt. 1. The Court hereby REMANDS the action, sua sponte, for the reasons stated below.

I.  **BACKGROUND**

   A.  THE STATE COURT ACTION

On January 7, 2010, Plaintiff initiated the instant action against Defendant in the Superior Court of California, Contra Costa County (the "Superior Court"). Compl., Dkt. 1, Ex. A. Pursuant to California Code of Civil Procedure section 872.210, the Complaint alleged a single state law claim for partition of real and personal property. Id.

The parties executed a Settlement Agreement, Stipulation for Judgment and Order Incorporating the Settlement Agreement in April 2012, and an Addendum to the Settlement Agreement in November 2012.  See Order Enforcing Settlement Agreement ("Enforcement Order"), Dkt. 1, Ex. B.  The Superior Court adopted the Settlement Agreement and Addendum, thereby entering judgment.  See id. at 1 (citing Cal. Civ. Proc. Code § 664.6 (a superior court may enter judgment pursuant to the terms of the parties' settlement agreement, and may retain jurisdiction over the parties to enforce the settlement)).

Thereafter, Plaintiff filed a motion to enforce the Settlement Agreement, which the Superior Court granted on or about January 25, 2016.  See Enforcement Order.  Among other things, the Superior Court ordered the clerk of the court to execute documents necessary to effectuate the settlement, including a "Payoff Demand by Patera's Judgment Creditor Joallyn Bohn" (the "default judgment"), on Defendant's behalf.  Id. at 2-3.

On or about May 9, 2016, Defendant appealed the Superior Court's order to the California Court of Appeal, First District (the "Appellate Court").  Notice ¶ 1.  As indicated by the Appellate Court's register of actions, Defendant's appeal is pending.

### B.   THE NOTICE OF REMOVAL

On July 12, 2016, Defendant removed the instant action to this Court based on federal question jurisdiction.  According to Defendant, jurisdiction arises out of "multiple violations of federal law" that occurred during the course of the partition proceedings.  Notice ¶ 9.  Specifically, Defendant alleges that the Enforcement Order required her to pay a "default judgment that failed to follow due process requirements."  Id. ¶ 13.  Defendant claims that she suffered a denial of due process because she never received notice of the underlying action in which the default judgment occurred.  Id. ¶¶ 3-4.  Defendant further alleges that the Superior Court later voided the default judgment "for lack of due process," which "confirmed due process violations" in the partition action.  Id. ¶¶ 2, 7, 13.

## II.   LEGAL STANDARD

A defendant may remove from state court any civil action over which the federal district court would have original jurisdiction.  28 U.S.C. § 1441(a).  The basic statutory

grants of original jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332, which confer upon district courts federal question and diversity jurisdiction, respectively. See Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir.1999).

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*," regardless of whether any party raises the issue. United Inv'rs Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (lack of subject matter jurisdiction cannot be waived or overcome by the parties' agreement); see also Arbaugh, 546 U.S. at 514 (same). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Defendant removed the instant action, in which the Superior Court has already issued a final judgment and enforcement orders, based on federal question jurisdiction. The Court finds that subject matter jurisdiction is lacking for two reasons.

First, the instant action presents no federal question. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action arises under federal law only if a federal question is presented on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Here, Plaintiff's single cause of action for the partition of real and personal property arises under state law. See, e.g., Cardinalli v. Superior Court, No. 5:12-CV-06356-LHK, 2013 WL 5961098, at *3 (N.D. Cal. Nov. 7, 2013) (finding that the district court lacked subject matter jurisdiction over a state law claim for partition of real property). Thus, Plaintiff could not have commenced his partition action in federal court, and this Court lacks removal jurisdiction.

Second, insofar as Defendant is seeking review of the state Superior Court's orders, this Court lacks jurisdiction to hear such matters. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). "Federal district courts . . . are empowered to

exercise original, not appellate, jurisdiction." Id. (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Accordingly, the so-called Rooker-Feldman doctrine bars "state-court losers [from] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284; see also Johnson v. De Grandy, 512 U.S. 994, 1005-06 (1994) (Rooker-Feldman doctrine bars state-court losers from asserting in federal district court a claim that the state court judgment "itself violates the loser's federal rights"). Here, although Defendant seeks to remove the instant action from the state court to this Court, in effect, she seeks review of the Superior Court's judgment and enforcement orders on the ground that such orders violate her federal right to due process. Such allegations do not serve as a basis for removal. See, e.g., Country Club Tower Corp. v. Tower Mgmt. Corp., 275 F. Supp. 468, 470-71 (D. Mont. 1967) (claim that a state court has acted "to deprive a party of due process" does not authorize removal "from the state to the federal court").

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, Contra Costa County, pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Dated: 7/15/16

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge